FILED ___ ENTERED
___ LOGGED ___ RECEIVED

NOV 1 2 2025

CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

KSC: KYH/JGO 2025R0079

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CRIMINAL NO. ABA 25-0352 |
| v. | * |
| | * (Interstate Travel to Commit Domestic |
| DAVID TURNER | * Violence Resulting in Death, 18 U.S.C. § |
| | * 2261(a)(1); Use of a Firearm During |
| Defendant. | * Crime of Violence Resulting in Death, 18 |
| | * U.S.C. §§ 924(c) & (j); Forfeiture, 18 |
| | * U.S.C. § 924(d), 21 U.S.C. § 853, 28 U.S.C. |
| | * § 2461(c)) |
| | * |
| | * |

\*\*\*

## INDICTMENT

### COUNT ONE
### (Interstate Travel to Commit Domestic Violence Resulting in Death)

The Grand Jury for the District of Maryland charges that:

On or about August 25, 2024, in the District of Maryland and elsewhere, the defendant,

**DAVID TURNER,**

knowingly traveled in interstate commerce with the intent to kill and injure Crimea Baker, his former spouse, and while in the course of and as a result of said travel, committed murder, a crime of violence, against Crimea Baker, in that the defendant used a dangerous weapon, to wit, a firearm, during said offense, and that the actions of the defendant resulted in the death of Crimea Baker, in violation of 18 U.S.C. § 2261.

18 U.S.C. § 2261(a)(1)

## COUNT TWO
### (Use and Discharge of a Firearm During a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about August 25, 2024, in the District of Maryland, the defendant,

### DAVID TURNER,

did knowingly use and carry and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is the offense charged in Count One of this Indictment, which is incorporated by reference herein, and in committing said offense caused the death of Crimea Baker through the use of a firearm and the killing was murder as defined in Title 18, United States Code, Section 1111.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(j)

## COUNT THREE
### (Use and Discharge of a Firearm During a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about August 25, 2024, in the District of Maryland, the defendant,

### DAVID TURNER,

did knowingly use and carry and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is the offense alleged in Count One of this Indictment, which is incorporated by reference herein, and in committing said offense caused the death of Sean Lange through the use of a firearm and the killing was murder as defined in Title 18, United States Code, Section 1111.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(j)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One through Three of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of any of the offenses alleged in Counts One through Three of this Indictment, the defendant,

**DAVID TURNER,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offenses.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Kelly O. Hayes /KyH*
Kelly O. Hayes
United States Attorney

**SIGNATURE REDACTED**

Date: 11/12/25