IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID TURNER,<br><br>Defendant. | CASE NO:   ABA-25-0352 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PRO SE MOTION FOR DISCOVERY AND INSPECTION**

The United States of America submits this response in opposition to Defendant's Motion for Discovery and Inspection (ECF No. 31).

## I.   POSTURE OF THE CASE

David Turner is charged in a three-count indictment for his role in the murders of Crimea Baker and Sean Lange on August 25, 2024.  A status conference is scheduled on December 17, 2025.  On December 2, 2025, Turner filed a Motion for Discovery and Inspection requesting that the government provide him all discovery materials (both electronic and paper copies) within twenty business days.  To date, the government has produced to Turner's standby counsel approximately 69,446 pages of document discovery and over two terabytes of additional data (e.g., audio/video recordings, digital media extractions).  To the extent that Turner is requesting that the Court permit him to have direct access to all discovery materials at the Chesapeake Detention Facility (CDF), which is contrary to the established practice in this District, the government objects.

## II.   PROCEDURAL TIMELINE

On November 12, 2025, an indictment was returned against Turner charging him with one count of Interstate Travel to Commit Domestic Violence Resulting in Death, in violation of 18

2

U.S.C. § 2261(a)(1), and two counts of Use and Discharge of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (j). ECF 1.  On November 17, 2025, Turner had his initial appearance on the indictment and requested a detention hearing.  ECF 6.  Also, during the initial appearance, the Defendant informed the Court that he did not wish to be represented by counsel and instead seeks to proceed *pro se*.  The Court scheduled a hearing for November 20, 2025, pursuant to *Faretta v. California,* 422 U.S. 806 (1975) to determine whether Turner will be permitted to represent himself.  At that hearing, the Honorable J. Mark Coulson, United States Magistrate Judge for the District of Maryland, found that Turner knowingly, voluntarily and intelligently waived his right to counsel.  Judge Coulson, however appointed Paul Hazelhurst and the Office of the Federal Public Defender as standby counsel for Turner.  ECF 20.  Immediately following the *Faretta hearing*, the Court held a detention hearing at which time Turner represented himself.  The Court detained Turner pre-trial.  On December 2, 2025, Turner filed a Motion to Dismiss Indictment (ECF 30), Motion for Discovery and Inspection (ECF 31), and Motion to Sever Counts (ECF 32).[1]  In this response, the government addresses Turner's request for direct access to the discovery in this case.

### III.   TURNER'S REQUEST IS INCONSISTENT WITH THE COURT'S STANDING ORDER ON DISCOVERY 2020-01

The Court's Standing Order 2020-01 prohibits defense counsel from providing discovery materials to the Defendant without the consent of the government.  Turner's request to have access to discovery materials in the jail is in violation of the standard practice in this District that counsel may review discovery with his/her client but may not give copies to the client.  This practice is rooted in the unfortunate reality in this District that defendants have improperly used discovery to

---

[11] The government views ECF 30 and ECF 32 as pre-trial motions and will file a response to each when the Court schedules a motions hearing and sets deadlines for filing pre-trial motions and responses.

intimidate and harm others. In fact, our District has had cases in which witnesses, such as Carl Lackl and Kareem Guest, were killed due to leaks during the criminal discovery process. *See United States v. Byers*, Crim. No. RDB-08-56 (D. Md.); *United States v. Hall*, Crim. No. RDB-10-744 (D. Md.). Latrina Ashburne was misidentified as a federal witness and mistakenly killed by a man who intended to murder her next-door neighbor. *United States v. Davon Carter and Clifton Mosley*, Crim. No. GJH-17-667.

The government believes the magnitude of the potential harm must be considered in this case. The serious nature of the charges against Turner makes his request particularly inappropriate. Furthermore, it has not been the practice in this district, and for obvious and good reasons. In *United States v. Galloway*, 749 F.3d 238 (4th Cir. 2014), the Fourth Circuit approved of an approach for a *pro se* defendant that did not permit the defendant to have copies of discovery materials in jail. In *Galloway*, the defendant complained about his access to discovery. The Honorable Richard D. Bennett precluded Galloway from having access to discovery at CDF but permitted the defendant to have access to discovery in the courthouse's lockup area. The Fourth Circuit rejected Galloway's claim that he was deprived meaningful access to discovery, finding that Judge Bennett's decision was reasonable in light of legitimate security concerns.[2] *Id.* at 242. *See also, United States v. Burudi Jarade Faison*, GJH-19-27, ECF No. 72 (Judge Hazel denied pro se defendant's request to direct access to discovery materials in jail); *United States v. Grier*, No. 23-4027, 2024 WL 3717057, at *2 (4th Cir. Aug. 8, 2024)(magistrate judge did not abuse discretion when he denied defendant's request to have personal copies of the discovery at his facility and also did not abuse his discretion by determining that Grier would have to view discovery through standby counsel).

---

[2] The court cited Judge Bennett's comments that he himself had presided over two different trials that involved the murder of witnesses.

In the aforementioned cases, the defendants were self-represented with standby counsel, and the court denied their request to have copies of discovery materials in jail. The courts found it a reasonable alternative to permit the defendants to review materials with stand-by counsel. Here, Turner has the benefit of three attorneys who have been appointed to be standby counsel, and they can review discovery independently and also with him.

Government counsel confirmed with the United States Marshals Service that Turner can review discovery with standby counsel in an attorney visit room attached to the cell block area in the courthouse. Alternatively, standby counsel can review discovery with Turner at the attorney visit rooms at CDF. So, Turner has two methods of discovery review here – one at the courthouse and one at his facility.

## **CONCLUSION**

Turner asks this Court to make an exception to the long-standing practice in this District and the Court's Standing Order to allow him to have his own copy of all discovery in this case. Many defendants no doubt would prefer to have their own copies of discovery. That is simply not the practice given the history of reprisal and witness intimidation in this District. It certainly should not be the practice in a case in which the defendant is charged with murdering two people, including the mother of his children.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____/S/_____
Kim Y. Hagan
James G. O'Donohue
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I certify that the foregoing response was filed via CM/ECF, and that a copy was sent to the pro se defendant as follows:

David Turner
USMS #85649-007
Chesapeake Detention Facility
401 E. Madison Street
Baltimore, Maryland 21202

                                                                                   /S/
                                                             Kim Y. Hagan
                                                              Assistant United States Attorney