**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **Criminal No. ABA-25-0352** |
| | * | |
| **DAVID TURNER** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>NOTICE OF INTENT TO SEEK THE DEATH PENALTY</u>

The United States of America, by and through its undersigned counsel and pursuant to 18 U.S.C. § 3593(a), notifies the Court and Defendant **DAVID TURNER** that the United States believes the circumstances in Counts Two and Three of the Superseding Indictment are such that, in the event of a conviction, a sentence of death is justified under 18 U.S.C. § 3591, *et seq.*, and that the United States will seek the sentence of death for these offenses: causing death through the use and discharge of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c) and (j).

The United States proposes to prove the following factors as justifying a sentence of death with regard to Counts Two and Three:

1.    Defendant **DAVID TURNER** was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a)).

<u>Statutory Threshold Intent Factors Enumerated Under 18 U.S.C. § 3591(a)(2)(A)-(D)</u>

2.    **DAVID TURNER** intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

3.    **DAVID TURNER** intentionally inflicted serious bodily injury that resulted in the death of the victim (18 U.S.C. § 3591(a)(2)(B));

1

4.    **DAVID TURNER** intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and

5.    **DAVID TURNER** intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

Statutory Aggravating Factors Enumerated Under 18 U.S.C. § 3592(c)

6.    **DAVID TURNER** committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. §3592(c)(9)).

7.    **DAVID TURNER** intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

Non-Statutory Aggravating Factors Authorized by 18 U.S.C. §§ 3592(c) and 3593(a)(2)

8.    **DAVID TURNER** caused injury, harm, and loss to the family and friends of Crimea Baker and Sean Lange.  The injury, harm, and loss caused by **DAVID TURNER** with respect to each victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family and friends.

2

9.      **DAVID TURNER** demonstrated extreme callousness in that he killed the victims while his minor children were in the victims' home and in close proximity to the shooting, leaving the minor children to fear for their lives and to find the victims' bodies.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:  _____

Digitally signed by KIM HAGAN
Date: 2026.05.04 08:49:04 -04'00'

Kim Y. Hagan
Assistant United States Attorney

3

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Notice was filed via CM/ECF, and that a copy was sent to the pro se defendant as follows:

David Turner
USMS #85649-007
Chesapeake Detention Facility
401 E. Madison Street
Baltimore, Maryland 21202

Digitally signed by KIM HAGAN
Date: 2026.05.04 08:49:36
-04'00'

Kim Y. Hagan
Assistant United States Attorney